## CAMPBELL v CAMPBELL

Ohio Appeals, 7th Dist, Mahoning Co

No 2340.   Decided Nov 13, 1936

Jos. F. Williams, Youngstown, and Lewis & Levin, Youngstown, for appellant.

J. H. Leighninger, Youngstown, for appellee.

### OPINION

By ROBERTS, J.

This cause is in this court on an appeal of questions of law under the new appellate procedure. The parties are situated in the trial in like manner as in the lower court, and may hereinafter be alluded to as therein designated.

The parties hereto were married February 23, 1911. Two children were born of said marriage, Dorothy Campbell, born March 8, 1912, and William Campbell, born April 4, 1913.   Considerable marital infelicity having developed between the husband and wife and existed for a considerable length of time, the parties separated and support was paid by the plaintiff to the defendant. In May, 1928, the parties entered into a separation agreement for the support of the defendant and said two minor children, which agreement, on the 13th day of December, 1928, was made a part of a decree of divorce granted the defendant, and who was awarded the care, custody and control of said children, in which written contract, which was signed by both of said parties, the following appears:

"5.  Said husband covenants and agrees that he will pay for the support of said wife and minor children the sum of $80.00 a month until the first day of September, 1929.  Beginning on said date he will pay as for alimony and support the sum of $90.00 per month until the minor daughter is twenty years of age and their son nineteen years of age, and that thereafter said alimony shall be reduced to said original sum of $80.00 per month."

This agreement was made a part of the decree in the action of divorce and the parties entered upon the performance thereof.  Some time thereafter the son enlisted in the Navy, where he remained some two years, and after his return, after visiting his mother, a few days, he went to live with his father, and there continued to stay.  The daughter, also, soon left her mother and thereafter lived with her father.

In attempted performance of this contract the father made payments to a considerable amount, with the result, however, that he was delinquent in the sum of $5670.00, as claimed by the plaintiff below, the former wife, and to recover which she brought this action in the Court of Common Pleas, with the result that the former wife received a directed verdict in her favor for said sum, and error is prosecuted thereon to this court.

It is a little difficult to determine very precisely what the claimed reversible error is in this case.  Presumably the performance of the contract resulted in being more burdensome to the former husband than was anticipated at the time the contract was entered into.  His earning capacity was very much reduced during the depression, and Mrs. Campbell, by reason of the children leaving her and going to the father, was relieved of their support.  This must have been understood and anticipated by Mr. Campbell when he took the children back and supported them, yet he continued to pay her without objection for some considerable time thereafter.  This was a contract entered into in writing between competent parties, without coercion, misrepresentation or mistake.  So far as observed the husband has not claimed that he was unfairly dealt with or did not contract as herein claimed.  No reason or cause is observed whereby he claims a right to be excused from the performance of his agreement.  The wife only seeks to recover that which he contracted to give her and which the court in the divorce case recog-

nized as proper alimony to be paid by him to her. This court observes no just or proper cause for disturbing the verdict and judgment of the Court of Common Pleas, and that judgment is therefore affirmed.

Judgment affirmed.

CARTER and NICHOLS, JJ, concur.